IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EVELYN GARRISON, Both Individually   *
And On Behalf Of All Others Similarly   *
Situated,   *
   *
            Plaintiff,   *
   *
vs.   *   No. 4:12-cv-00737-SWW
   *
   *
   *
CONAGRA FOODS PACKAGED   *
FOOD, LLC d/b/a CONAGRA FOODS,   *
   *
            Defendant.   *

<u>OPINION AND ORDER</u>

Plaintiff Evelyn Garrison, a former employee of defendant ConAgra Foods

Packaged Food, LLC, d/b/a ConAgra Foods (ConAgra), brings this collective class action

against ConAgra pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et*

*seq.*, and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-202 *et seq*.

to recover alleged unpaid overtime compensation.  The matter is before the Court on

motion of Plaintiff for conditional certification under the FLSA of collective action,

equitable tolling, for disclosure of contact information for potential opt-in plaintiffs, and

to send court-approved notice [doc.#5].  ConAgra has responded in opposition to

Plaintiff's motion and Plaintiff has filed a reply to ConAgra's response.  The Court held a

hearing on Plaintiff's motion at the request of ConAgra on the morning of March 19,

2013.  Having considered the matter, the Court grants in part and denies in part Plaintiff's

motion for conditional certification under the FLSA of collective action, equitable tolling, for disclosure of contact information for potential opt-in plaintiffs, and to send court-approved notice.

I.

ConAgra produces prepared foods and food products at large facilities across the United States, including at least two locations in the State of Arkansas.  According to her affidavit, Plaintiff held the position of "front line supervisor" for ConAgra within three years of the filing of this action.  Apparently, the title of this position later changed to "Team Leader."

Plaintiff alleges that ConAgra engaged in a singular, common policy and practice of violating the FLSA by classifying Plaintiff and those similarly situated as exempt pursuant to 29 U.S.C. § 213 and failing to pay them an overtime rate of at least one and a half times their regular hourly rate for all hours worked in excess of forty each work week.  Plaintiff alleges that she and those similarly situated did not meet the requirements of any of the exemptions available under the FLSA, and that ConAgra intentionally misclassified them as exempt in order to avoid paying them overtime wages as required by the FLSA.

In addition, Plaintiff alleges that ConAgra failed to maintain records of the hours worked by Plaintiff and those similarly situated as required by the FLSA.  She alleges that ConAgra's intentional misclassification of Plaintiff and others similarly situated resulted in ConAgra's willful failure to pay Plaintiff and others similarly situated overtime wages

as required by the FLSA.

Plaintiff states that she and members of the putative collective action class are individuals who were/are employed by ConAgra as salaried front line supervisors/Team Leaders at its Rusellville, Arkansas production plant any time after November 21, 2009. Plaintiff argues this Court should certify a class in this action and order supervised notice to the putative class members.

A.

Plaintiffs wishing to sue as a class action under the FLSA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b) instead of the opt-out class procedures provided in Fed.R.Civ.P. 23.  See *e.g., Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace Inc. v. Costa*, 539 U.S. 90 (2003).  Section 216(b) provides for a class action where the complaining employees are "similarly situated."  *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).  Unlike class actions under Fed.R.Civ.P. 23, "'[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" *Id.* (quoting § 216(b)).  District courts have discretionary power "in appropriate cases" to authorize the sending of notice to potential class members in a collective action.  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

-3-

In determining whether this opt-in case is appropriate for court-authorized notice, the central question is whether plaintiffs have established that they and the putative class members are "similarly situated" for purposes of § 216(b).  See *e.g., Thiessen*, 267 F.3d at 1102; *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 265-67 (D. Minn. 1991).  This Court and others within the Eighth Circuit have applied a two-step approach in determining whether plaintiffs are "similarly situated."  See *Harris v. Southwest Power Pool, Inc.*, No. 4:11cv00679, 2011 WL 5402763, *1 (E.D. Ark. Nov. 8, 2011) (collecting cases).  This approach is described in *Mooney* as follows:

> The first determination is made at the so-called "notice stage."  At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>
> Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."  The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial.  At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.  The class representatives – *i.e.* the original plaintiffs – proceed to trial on their individual claims.

54 F.3d at 1213-14 (internal footnote omitted).

-4-

B.

In determining whether notice of this action should be given to potential class members, the Court, as previously noted, is only making at this "notice stage" of the proceedings an "initial" determination of whether plaintiff and the putative class members are "similarly situated," utilizing a somewhat lenient standard. *Hipp*, 252 F.3d at 1217; *Maclin v. Montgomery and Sons Const., Inc.*, No. 4:12-cv-5, 2012 WL 5818163, *1 (E.D. Ark. Nov. 15, 2012). The plaintiff bears the burden of proof at this stage, and she can meet this burden by making a modest factual showing sufficient to demonstrate that she and potential plaintiffs together were victims of a common policy or plan that violated the law. *Wheeler v. Baxter Healthcare Corp.*, No. 4:11cv00263, 2011 WL 5402446, *2 (E.D. Ark. Nov. 8, 2011) (quotation marks and citation omitted). The plaintiff can satisfy her burden through the use of affidavits, supported by admissible evidence. *Id.* The plaintiff may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations. *Id. Cf. Morgan v. Family Dollar Stores*, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008) (although the district court's broad discretion at the notice stage is constrained, to some extent, by the leniency of the standard for the exercise of that discretion, there must be more than "only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other stores."); *D'anna v. M/A-Com, Inc.*, 903 F.Supp. 889, 894 (D.Md. 1995) ("[t]he mere listing of names, without more, is insufficient absent a factual showing that the potential plaintiffs are 'similarly situated'"); *Thompson v. Speedway Superamerica LLC*, No. 08-cv-1107,

2009 WL 130069, *6 (D.Minn. Jan. 20, 2009) ("'some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency'").  In addition, the supporting evidence should include evidence that other similarly situated individuals desire to opt in to the litigation because others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants.  *Bouaphakeo v. Tyson Foods, Inc.*, 564 F.Supp.2d 870, 892 (N.D. Iowa 2008) (citation and internal quotation marks omitted).[1]

## II.

## A.

Having established the framework to be utilized, the Court turns to the merits of plaintiff's motion for class certification.  In her motion to certify class, Plaintiff initially asked the Court to certify a class consisting of current and former salaried front line supervisors employed by ConAgra at its Russellville, Arkansas food processing plant.  In her reply to ConAgra's response to Plaintiff's motion for class certification, Plaintiff notes that ConAgra clarified in its response that the official title of Plaintiff and those she

---

[1] Without a requirement that plaintiffs make a preliminary factual showing that a similarly situated group of potential plaintiffs exist, "it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse."  *White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1314 (M.D. Ala. 2002).  "The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation," *Severtson*, 137 F.R.D. at 267, and "an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *D'Anna*, 903 F.Supp. at 894.

seeks to represent was "Team Leader" rather than "front line supervisor." Additionally, Plaintiff concedes that she is not similarly situated to the Team Leader Finance position. Plaintiff now asks the Court to certify a class consisting of the following individuals:

> All former and current salaried front line supervisors/Team Leaders (excluding Team Leader Finance) employed by ConAgra at its Russellville, Arkansas food processing plant anytime within the three (3) chronological years immediately preceding November 21, 2012, and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

Plaintiff states that upon information and belief, ConAgra changed the title of the positions at issue from front line supervisor to Team Leader sometime in 2009 and that she believes it is necessary to include both titles in the class definition so that former employees will be put on notice that they may be a member of the proposed class. Plaintiff claims she has established through her affidavit, her brief in support of her motion for class certification, and exhibits that other former and current front line supervisors/Team Leaders (excluding Team Leaders Finance) for ConAgra are similarly situated and are all victims of a singular, common policy and practice that violated the law. Plaintiff states that all members of the class experienced the same systematic, unlawful treatment by ConAgra, and she notes that other former front-line supervisor/Team Leaders have filed consents to Join the case and executed affidavits confirming they experienced the same treatment as Plaintiff.

To determine whether employees are similarly situated, a district court considers several factors, including the following: (1) whether the plaintiffs hold the same job title;

(2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices; and (5) the extent to which the acts constituting the alleged violations are similar. *Wheeler*, 2011 WL 5402446, *2. Although Plaintiff need not show that her position is identical to those of the putative class members, she must still establish that it is similar. *Id.* "Numerous courts have denied certification of a collective action where determining whether putative plaintiffs are similarly situated will depend on a fact-intensive inquiry into the duties performed by each individual employee." *Smith v. Frac Tech Services, Ltd.*, No. 4:09cv000679, 2009 WL 4251017, *4 (E.D. Ark. Nov. 24, 2009).

The Court has carefully considered both the factors for determining whether employees are similarly situated and the standards for the executive exemption to FLSA's overtime requirements (the only exemption at issue in this action)[2] and does not find at this time significant dissimilarities among the front line supervisors/Team Leaders (excluding Team Leader Finance) positions or anything indicating that ConAgra would otherwise be defending against evidence that is not common to all class members. In addition, Plaintiff has submitted consent forms of other "opt-in" candidates. Plaintiff, thus, has made a sufficient factual showing that a similarly situated group of potential plaintiffs exist. The collective class action is also manageable for the court at this time

---

[2] See, *e.g., Smith v. Frac Tech Services, LLC*, No. 4:09-cv-679, 2011 WL 96868, *4-5 (E.D. Ark. Jan. 11, 2011) (setting forth legal standards for the executive exemption).

and there are no apparent procedural considerations that weigh against the conditional

certification of a collective action that is limited to former and current salaried front line

supervisors/Team Leaders (excluding Team Leader Finance) employed by ConAgra at its

Russellville, Arkansas food processing plant.  *Cf. Bouaphakeo*, 564 F.Supp.2d at 900

(fairness, manageability and procedural considerations weighed in favor of certification

of collective class action).  The Court concludes Plaintiff has made the requisite initial

showing to warrant conditional certification of a class and court-authorized notice to class

members and, accordingly, certifies a class consisting of the following individuals:

> All former and current salaried front line supervisors/Team Leaders
> (excluding Team Leader Finance) employed by ConAgra at its Russellville,
> Arkansas food processing plant anytime within the three (3) chronological
> years immediately preceding November 21, 2012, and continuing thereafter
> through the date on which final judgment is entered in this action and who
> timely file (or have already filed) a written consent to be a party to this
> action pursuant to 29 U.S.C. § 216(b).[3]

## B.

Plaintiff also requests that the statute of limitations for all potential opt-in plaintiffs

be tolled as of the date of filing of her motion for class certification.  In support of this

request, Plaintiff cites *McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438, 445

(S.D.N.Y. 2012), which stated as follows:

> Normally in a FLSA collective action, the statute of limitations for each
> plaintiff runs when he or she files written consent with the court electing to

---

[3] Concerning Plaintiff's request for disclosure of contact information for potential opt-in plaintiffs, the Court expects that there will be cooperation between the parties with respect to the disclosure of such information.

join the lawsuit, not when the named plaintiff files the complaint.  See 29 U.S.C. § 256(b).  However, courts have discretion to equitably toll the limitations period in appropriate cases in order "to avoid inequitable circumstances." *Yahraes v. Restaurant Assocs. Events Corp.,* 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011).  The Honorable Steven M. Gold stated that "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Id.* at *2 (collecting cases). While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings. Accordingly, the statute of limitations will be tolled as of the date of the filing of this motion.

The Court has considered the matter and declines to invoke the doctrine of equitable tolling.  The doctrine of equitable tolling does not apply to garden variety claims of excusable neglect, and should be invoked only in exceptional circumstances truly beyond the plaintiff's control.  *Jenkins v. Mabus*, 646 F.3d 1023, 1028-1029 (8th Cir. 2011) (quotation marks and citation omitted).  The Court agrees with ConAgra that there is no evidence of the requisite extraordinary circumstances.  Rather, "in the average [FLSA] case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate." *Titchenell v. Apria Healthcare Inc.*, Civil Action No. 11-563, 2012 WL 3731341, *7 (E.D. Pa. Aug. 29, 2012).  In this respect, there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending and "[t]o hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this

-10-

extraordinary remedy into a routine, automatic one." *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1244 (S.D. Ala. 2008). *Cf. Muhammad v. GBJ, Inc.*, No. H-10-2816, 2011 WL 863785, *2 (S.D. Tex. Mar. 9, 2011) (declining to apply equitable tolling due to "the need for limited discovery to determine whether certification is appropriate" because such a need "is present in many FLSA actions"); *Tidd v. Adecco USA, Inc.*, No. 07-11214-GAO, 2008 WL 4286512, *5 (D. Mass. Sept. 17, 2008) ("[T]he circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *LaFleur v. Dollar Tree Stores, Inc.*, Civil Action No. 2:12-cv-00363, 2012 WL 4739534, *7 (E.D. Va. Oct. 02, 2012) ("In light of the statutory intent of Congress in its drafting of the FLSA's statute of limitations and the failure of Plaintiffs to make a sufficient showing of extraordinary circumstances, misconduct by the Defendant or defective filings, the Court finds that equitable tolling is not warranted..."). Accordingly, the Court rejects Plaintiff's request to toll the statute of limitations for all potential opt-in plaintiffs as of the date of filing of her motion for class certification.

## C.

Finally, turning to the form of the notice, Plaintiff has proffered a proposed notice to which ConAgra has lodged certain objections. During the hearing on March 19th, however, the parties indicated that they could work together to come up with a notice that is acceptable to the parties and the Court. Accordingly, the Court directs that the parties

submit for this Court's consideration an agreed notice within twenty (20) days of the date of entry of this Opinion and Order.[4]  Should the parties be unable to come to agreement on the notice, the Court will resolve the issue.

III.

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for conditional certification under the FLSA of collective action, equitable tolling, for disclosure of contact information for potential opt-in plaintiffs, and to send court-approved notice.

IT IS SO ORDERED this 27th day of March 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] As stated during the hearing, the Court agrees with Judge Moody's Order in *Lyons v. ConAgra Foods Packaged Foods*, No. 4:12-cv-00245 (E.D. Ark. Oct. 26, 2012), that language indicating a plaintiff may be responsible for defendant's costs if defendant prevails should not be included in the notice.